IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN THOMAS STICKNEY,                   :
       Plaintiff                              :
    v.                                     : Case No. 3:24-cv-299-KAP
UNITED STATES OF AMERICA, *et al.*,      :
       Defendants                             :

Report and Recommendation

<u>Recommendation</u>

    I recommend that the amended complaint, ECF no. 19, be dismissed in part for failure to state a claim, without leave to amend.

<u>Report</u>

    Plaintiff, formerly an inmate at F.C.I. Loretto, filed a 60-page *pro se* civil complaint with approximately 113 pages of exhibits in December 2024. The complaint, naming as defendants the United States (the legal basis for the claims was the FTCA) and several individuals allegedly involved in plaintiff's medical care (the legal basis for the claims was *Bivens*), was dated December 2, 2024, with a previous date of June 19, 2024 crossed out, and was accompanied by a motion to proceed *in forma pauperis* dated November 12, 2024. I did preservice screening of the complaint and granted the motion to proceed *in forma pauperis*. My recommendation was to dismiss the individual defendants because no *Bivens* claim was stated, and to serve what I considered the FTCA claims in the complaint on the United States. ECF no. 4.

    Plaintiff filed objections at ECF no. 9, and while they were pending filed a motion to amend the complaint, ECF no. 9, that I rejected because it did not contain a proposed amended complaint. ECF no. 10. The cover letter to the collection of papers that accompanied the motion made assertions that I took to mean that plaintiff would be filing something in the future, *see* ¶ 1: "I am **going to** separate the Rehabilitation Act claims from the TORT as this makes it confusing and add a separate prayer for relief [.] The TORT claim **will** still share medical and exhibits with the Rehabilitation Act Claims. This **will** require removing all documents at the beginning of the complaint pages 1-14 and the signature verification page." (my emphasis). Plaintiff then filed a second motion to amend the complaint, ECF no. 11, that consisted of the same cover letter with a new date and three pages of an unparagraphed narration of events that allegedly took place beginning with plaintiff's fall in his cell on August 18, 2023.

    The plaintiff then sent correspondence at ECF no. 13, asserting that the collection of papers attached to his first motion to amend **did** constitute a proposed amended

1

complaint. And then plaintiff filed a third motion to amend the complaint, ECF no. 14, that did attach a proposed amended complaint. The proposed amended complaint is 11 pages long, plus a two-page list of exhibits. No exhibits are attached: the list appears to refer back to exhibits attached to plaintiff's original complaint.

Yesterday the Court granted plaintiff's motion to amend at ECF no. 14 and referred the matter back to me. ECF no. 18. The operative complaint is therefore the one attached as an exhibit to ECF no. 14, and that version should be docketed by the Clerk. The Court noted that plaintiff disclaimed any *Bivens* claims against the individual defendants and was bringing his claims against them under the Rehabilitation Act/ Americans with Disabilities Act. ECF no. 18 at 2. Any citation by plaintiff to the ADA should be considered to refer to the RA, since the ADA "does not apply to the federal government or a federal agency such as the BOP and its federal prisons." Gray v. Fed. Bureau of Prisons, No. 12-985-GPM, 2012 WL 4815724, at *2 (S.D. Ill. Oct. 10, 2012)(collecting cases).

My recommendation as to the amended complaint is the same as my original recommendation: all the defendants except the United States should be dismissed, and the amended complaint should be served on the United States. It would be inequitable to consume more court time in reviewing repeated trial and error iterations of a complaint, and no further amendment should be allowed.

The dismissal of the individual defendants in their individual capacities is compelled by straightforward precedent, some of it from this division of this district, that there is no individual liability for damages under the Rehabilitation Act. Taylor v. Altoona Area Sch. Dist., 513 F. Supp. 2d 540, 558–59 (W.D. Pa. 2007)(Gibson, J.). At this point everyone agrees that the United States is the proper defendant and the only proper defendant for any tort claims plaintiff might have under the FTCA. For Rehabilitation Act claims the only proper defendant is the entity that receives federal funding, in this case the Bureau of Prisons. Nixon v. United States, Case No. 3:25-cv-488, 2025 WL 1019073, at *5 (M.D. Pa. Apr. 4, 2025). There is no need, however, to consider whether as a matter of form the Bureau of Prisons would be in the caption or Warden Underwood in his official capacity would be in the caption for the Rehabilitation Act claims because the remedies available to plaintiff as a federal prisoner are limited to forward-looking declaratory or injunctive relief. *See* Nixon v. United States, *supra*. Due to sovereign immunity, not waived in the RA, money damages are not available against the Bureau of Prisons. Prucha v. Watson, 672 F. Supp. 3d 642, 649 (S.D. Ind. 2023). And any claim for injunctive or declaratory relief is moot because plaintiff is no longer at F.C.I. Loretto. So there are no official capacity claims under the RA either.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has fourteen days to file written objections to this Report and Recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely

defaulted. See <u>EEOC v. City of Long Branch</u>, 866 F.3d 93, 100 (3d Cir.2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: June 25, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Brian T. Stickney, Reg. No. 18159-111
F.M.C. Lexington
P.O. Box 14500
Lexington, KY 40512