# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN THOMAS STICKNEY,     )
     Plaintiff             )
                       )
v.                   )    Civil No. 3:24-cv-299
                       )    Judge Stephanie L. Haines
UNITED STATES et al.,        )    Magistrate Judge Keith A. Pesto
     Defendants.        )
                       )

## MEMORANDUM ORDER

Plaintiff, Brian Thomas Stickney ("Plaintiff") has placed before this Court a case in civil action under the Rehabilitation Act.[1] His claims amount to various denials of accommodations for his disability while he was incarcerated at the Federal Corrections Institution at Loretto ("FCI-Loretto"). Plaintiff states that he cannot walk because of pain from stage-4 osteo-arthritis with bone-to-bone articulation and while housed at FCI-Loretto he could not cleanse and toilet himself without a risk of injury. He was also prevented from attending recreational activities because the facilities were inadequate to accommodate his needs. He states that individual defendants, employees of FCI-Loretto, "were deliberately indifferent to his serious medical needs by denying [him] handicap accommodations and this endangered his health and safety." Plaintiff cites several falls at FCI-Loretto because of improper accommodations that caused him injury. In a general statement he claims that he was denied the opportunity to participate or benefit from the services, programs, or activities of a public entity based solely on his disability while other persons without

---

[1] The Act states, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C.A. § 794 (West)

disability could benefit from the same services and programs.

Previously, Magistrate Judge Pesto found Plaintiff's Eighth Amendment *Bivens* claims against the individual defendants to lack merit and Plaintiff concurred. *See* ECF Nos. 4, 14. The Rehabilitation Act is the "exclusive means by which a plaintiff may raise claims against federal agencies" to allege disability discrimination. *See Fanciullo v. United States Postal Serv.*, Civ. No. 12-5467, 2013 WL 5467169, at *4 (D.N.J. Sept. 30, 2013). Thus, this Court allowed Plaintiff to amend his Complaint as a matter of course to remove the *Bivens* claims as to the individual defendants (ECF No. 18).[2] On June 24, 2025, Plaintiff's Amended Complaint was filed (ECF No. 19) but the Amended Complaint still included Eighth Amendment claims against individual defendants. ECF No. 19, p. 5.

On June 25, 2025, Magistrate Judge Pesto under the Prison Litigation Reform Act's screening requirements for inmate plaintiffs proceeding in forma pauperis, issued a Report and Recommendation ("R&R") (ECF No. 20) as to Plaintiff's Amended Complaint. Judge Pesto's R&R recommended the Amended Complaint be partly dismissed, without leave to amend. Using the same reasoning as his previous R&R, *see* ECF No. 4, Judge Pesto found that all claims against individual defendants must be dismissed leaving only the United States as a defendant. ECF No. 20, p. 2. While Plaintiff conceded that a *Bivens* claim is inappropriate, he sought to assert a Rehabilitation Act claim against the individual defendants which is also disallowed.

> Under the ADA, individuals have no liability because they are not 'public entities.' *Watson v. Pa. Dep't of Corr.,* 990 A.2d 164 (Pa.Cmwlth.2010) (citing *Taylor v. Altoona Area Sch. Dist.,* 513 F.Supp.2d 540 (W.D.Pa.2007)). Likewise, under the Rehabilitation Act, individuals have no liability because they do not receive federal

---

[2] Federal Rule of Civil Procedure 15 provides that "[a] party may amend the party's pleading once as a matter of course any time before a responsive pleading has been served." Fed. R. Civ. P. 15(a). And a court should "freely give" leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court must grant leave to amend absent "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

assistance. *Id.* Although there is no dispute that DOC is a public entity within the meaning of the ADA, the individual Corrections Defendants are not.

*Mattis v. Pennsylvania Dep't of Corr.,* No. 1929 C.D. 2013, 2014 WL 2156746, at *5 (Pa. Commw. Ct. May 20, 2014). Judge Pesto states, "My recommendation as to the amended complaint is the same as my original recommendation: all the defendants except the United States should be dismissed and the amended complaint should be served on the United States." *Id.* Plaintiff was provided fourteen days to file Objections to Judge Pesto's Report.

Since Judge Pesto's second R&R was issued Plaintiff filed these motions in pertinent part: a Motion to Accept Objections to R&R (ECF No. 22); Objections (ECF No. 23);[3] and a Motion for Leave to File an Amended Complaint (ECF No. 24). Most recently, Plaintiff filed a Motion for Reconsideration (ECF No. 27), which demonstrates a misunderstanding of the docket, the Court's rulings, and the law.[4]

The Motion to Accept Objections (ECF No. 22) belabors a mail issue that is inconsequential to this matter and rehashes the facts of the Eighth Amendment claim against individual defendants which as stated above has been waived. To the extent that Plaintiff has some

---

[3] Plaintiffs Objections (ECF No. 23) are repetitive of the facts already asserted in his original Complaint and in his Amended Complaint and do not contest the conclusion that individual defendants are not proper defendants in a Rehabilitation Act claim. Given that the Objections do not contest the R&R on any substantive issue, the Objections will be overruled.

[4] Plaintiff asks Judge Haines to reconsider her June 25, 2025, ruling. However, Judge Haines had no ruling on June 25, 2025. Nevertheless, the Court interprets this Motion as Plaintiff's disagreement with the Court's Order (ECF No. 18) to grant an Amended Complaint at ECF No. 14 and deny the Amended Complaint at ECF No. 11. Plaintiff claims that he was compelled to file both amended complaints because Judge Pesto did not address the RA claim in his first R&R. ECF No. 27, p.1. Plaintiff now states it is his tort claim that is proper and the RA claim that is "moot". *Id.* As stated by the Court herein, having evaluated both Amended Complaints, the result is the same. The individual defendants are not subject to liability under the Rehabilitation Act or the Federal Torts Claims Act and will be dismissed. However, it is appropriate to bring a case against the United States under these theories of law.

A motion for reconsideration with respect to a final order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). None of these factors are present here. Plaintiff's Motion to Reconsider (ECF No. 27) will be denied.

3

claim about the mail at the institution where he is housed, that claim is unrelated to this case and cannot be brought here. None of these issues, raised for the first time in Petitioner's objections, merits rejection of the Report and Recommendation. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996). *Accord Ward v. United States,* 208 F.3d 216 (Table), 2000 WL 282648, at *1 (6th Cir.2000).

In the Motion to Accept Objections, Plaintiff also states that individual defendants have engaged in negligent medical care in violation of the Federal Torts Claims Act 29 U.S.C. § 794(a). He states that because the defendants refused to provide a handicap toilet and shower, he sustained falls and injuries. Plaintiff was also forced to crawl on the cell floor. All acts and failures to act were in deliberate indifference to his serious medical need. ECF No. 22, p. 6. To this end, Plaintiff filed another Motion for Leave to File a Second Amended Complaint (ECF No. 24). The proposed Second Amended Complaint repeats facts about Plaintiff's fall at the sink and injury to his mouth and face.[5] He asserts the fall was caused because of denial of disability accommodations. Plaintiff also asserts that the injuries sustained during the fall at the sink were neglected and caused further injury. ECF No 24-2, pp. 2-4. The Federal Tort Claims Act provides

> [T]he district courts, …, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[5] In the Amended Complaint, Plaintiff also adds a discussion about exhausting administrative remedies which was not discussed in Judge Pesto's R&R and is not at issue. It will not be considered by this Court.

28 U.S.C.A. § 1346 (West). "It is well-settled that the only proper defendant for claims brought under the FTCA is the United States of America, and not a federal agency sued in its own name or individual federal employees sued in their official capacities." *Dalessio v. U.S. Dep't of Hous. & Urb. Dev.*, 528 F. Supp. 3d 341, 344 (E.D. Pa. 2021) (citing *Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 45-46 (3d Cir. 2011); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)). Therefore, under the Federal Torts Claims Act, Plaintiff again mistakenly names individual defendants in his claim. However, there may be a plausible claim under the Federal Torts Claims Act as against the United States. Therefore, while the claims against individual defendants will be dismissed, the United States will remain a defendant as to the Federal Torts Claims Act claim.

AND NOW, this 21st day of July 2025, IT IS ORDERED that Plaintiff's Motion to Accept Objections (ECF No. 22) hereby is DENIED as it relates to a claim involving the mail or claims against individual defendants;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 24) hereby is GRANTED in part. The Proposed Amended Complaint (ECF No. 24-2) shall be docketed as a Supplement to Plaintiff's Amended Complaint (ECF No. 19) and the two shall be read together as the Operative Complaint;

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 27) is denied;

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 23) are overruled;

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 20) is adopted as the opinion of this Court as supplemented herein; and,

IT IS FURTHER ORDERED that all individual Defendants shall be terminated from this case. The sole remaining defendant is the United States. Claims under the Rehabilitation Act and Federal Torts Claims Act are only proper as to the United States and not individuals.

The jurisdiction of the case is returned to Magistrate Judge Pesto for further proceedings.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

cc:    Brian Thomas Stickney
       18159-111
       FMC Lexington
       Federal Medical Center
       P.O. box 14500
       Lexington, KY  40512
       *Pro se*